months' imprisonment and three years' supervised release. On appeal, his counsel has filed a brief and moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Lane has filed a pro se supplemental brief.

We will not entertain Lane's pro se argument that his guilty plea was not knowing and voluntary, because he withdrew below his motion to set aside his guilty plea. *See United States v. Murphy*, 899 F.2d 714, 716 (8th Cir.1990) (claim that guilty plea was involuntary must first be presented to district court and is not cognizable on direct appeal). We also will not entertain counsel's argument about the propriety of Lane's career-offender status, because Lane knowingly and voluntarily waived the right to challenge his sentence on direct appeal. *See United States v. Morrison*, 171 F.3d 567, 568 (8th Cir.1999) (appeal waiver enforcement). Further, the ineffective-assistance-of-counsel claims Lane wishes to bring are not properly before us in this direct appeal. *See United States v. Embrey*, 250 F.3d 1181, 1183–84 (8th Cir.2001).

Having reviewed the record independently in accordance with *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have found no nonfrivolous issues. The judgment is affirmed, and counsel is granted leave to withdraw.

**THORSON, INC., a Minnesota corporation, Appellee,**

v.

**FIRST COMMUNITY INSURANCE COMPANY, a New York corporation, Appellant.**

No. 00–3500.

United States Court of Appeals, Eighth Circuit.

Nov. 2, 2001.

**Steven J. WEINREICH, individually and as trustee of and participant in the O–Jay Company Employees Profit Sharing Plan, and all other participants in the O–Jay Juice Company Employees Profit Sharing Plan, Appellee,**

v.

**Kevin LAMSON, Appellant.**

No. 01–2425.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 7, 2001.

Filed Nov. 13, 2001.